UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Bisono, Joaquin Vicente, and Edgar Mendez<br><br>Individually, and on behalf of all others similarly situated as Class Representatives,<br><br>　　　　Plaintiffs<br><br>v.<br><br>TDL Restoration Inc., TDL Management Corp., Driton Quni and Gjon Quni<br><br>　　　　Defendants. | Case No.: 1:17-cv-9431<br><br>CLASS AND REPRESENTATIVE ACTION<br><br>JURY TRIAL REQUESTED |

# COMPLAINT

## I.   PRELIMINARY STATEMENT

1.   Plaintiffs Jose Bisono, Joaquin Vicente, and Edgar Mendez (collectively "the Individual Plaintiffs" or "Plaintiffs") performed strenuous physical labor under harsh conditions in Defendants' construction business, regularly working more than forty hours per week and more than ten hours in a day at various sites throughout New York, New Jersey, and Pennsylvania, but were paid nothing whatsoever for certain hours worked and were never paid a premium rate for overtime hours as required by Federal and State law.  Moreover, Plaintiffs were frequently "paid" by checks that were returned due to insufficient funds, and were never reimbursed for the bank costs they were forced to incur or even, in some cases, paid their owed wages.

2.   The Individual Plaintiffs, on their own behalf, on behalf of all others similarly situated, and

as class representatives, bring this action against Defendants TDL Restoration Inc., TDL Management Corp, Driton Quni, and Gjon Quni (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiffs' wages for their work.

3. Plaintiffs allege violations of the minimum wage and overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the minimum wage and overtime provisions of New York Labor Law Article 19 § 650, *et seq.* ("NYLL"). Plaintiffs seek their earned but unpaid wages, liquidated damages pursuant to the FLSA, liquidated damages pursuant to the NYLL, other statutory damages pursuant to the NYLL, and reasonable attorneys' fees, costs, and interest.

4. Plaintiffs bring their FLSA claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

5. Plaintiffs bring their NYLL claims individually and on behalf of a class of persons pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216, and 28 U.S.C. §§ 1331 and 1337. As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

7. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

### III. THE PARTIES

9. Plaintiff Jose Bisono is an adult individual and resident of the State of New York, Bronx County.

10. Plaintiff Joaquin Vicente is an adult individual and resident of the State of New York, Westchester County.

11. Plaintiff Edgar Mendez is an adult individual and resident of the State of New York, Westchester County.

12. At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1), and by

    b. the NYLL § 190.

13. At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(b)(r)(1).

14. Upon information and belief, Defendant TDL Restoration Inc. ("TDL Restoration") is a domestic corporation doing business in the State of New York and Westchester County. TDL Restoration maintains corporate headquarters at 177 East Hartsdale Avenue, Apartment 6R, Hartsdale, NY 10530.

15. Upon information and belief, Defendant TDL Management Corp ("TDL Management") is a domestic corporation doing business in the State of New York and Westchester County.

TDL Management maintains corporate headquarters at 92 North Ave, New Rochelle, NY 10801.

16. Upon information and belief, Defendant Driton Quni is the chief executive officer and an owner of TDL Restoration and TDL Management. Defendant Driton Quni is a resident of the State of New York.

17. Upon information and belief, Defendant Gjon Quni is an owner and manager of TDL Restoration and TDL Management (hereinafter collectively "TDL"). Defendant Gjon Quni is a resident of the State of New York.

18. Upon information and belief, at all times relevant to the Complaint, Defendants Driton Quni and Gjon Quni made all relevant decisions regarding Plaintiffs' and all other employees' wages, working conditions, and employment status at TDL.

19. At all times relevant to the Complaint, Defendants Driton Quni and Gjon Quni had the power to hire and fire employees, set employees' wages, retain time and/or wage records, and otherwise control the terms and conditions of all employees' employment at TDL.

20. At all times relevant to the Complaint, Defendants Driton Quni and Gjon Quni had the power to stop any illegal pay practices at TDL.

21. At all times relevant to the Complaint, Defendants Driton Quni and Gjon Quni actively managed, supervised, and directed the business affairs and operation of TDL, and acted directly and indirectly in relation to the employees.

22. At all times relevant to the Complaint, Defendant TDL Restoration was an employer of each of the Plaintiffs as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(d); and

    b. NYLL § 190.

23. At all times relevant to the Complaint, Defendant TDL Management was an employer of each of the Plaintiffs as that term is defined by
    a. the FLSA, 29 U.S.C. § 203(d); and
    b. NYLL § 190.

24. At all times relevant to the Complaint, Defendant Driton Quni was an employer of each of the Plaintiffs as that term is defined by
    a. the FLSA, 29 U.S.C. § 203(d); and
    b. NYLL § 190.

25. At all times relevant to the Complaint, Defendant Gjon Quni was an employer of each of the Plaintiffs as that term is defined by
    a. the FLSA, 29 U.S.C. § 203(d); and
    b. NYLL § 190.

26. Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

## IV.    STATEMENT OF FACTS

27. At all relevant times, Defendants performed physical labor in Defendants' construction business, doing various tasks including demolition, carpentry, sheet rocking, and painting at large scale projects including multi-family residential developments, schools, and churches.

28. Defendants' business is headquartered in Hartsdale, New York and all operations were directed from this location, Defendants' garage located at 2250 Hone Avenue, Bronx, NY 10469, and Defendants' office located at 92 North Ave, New Rochelle, NY 10801.

29. Plaintiffs regularly worked at multiple locations in New York State, as well as at least one location in the State of New Jersey and one location in the State of Pennsylvania.

30. Plaintiffs routinely worked in excess of 40 hours per week, i.e. "overtime hours", and more than 10 hours in a day.

31. Plaintiffs routinely worked six days per week, at least 8 hours each day, performing at least 48 hours of work each week.

32. Plaintiffs frequently worked seven days per week, sometimes working more than 60 hours in a week.

33. Defendants purported to pay Plaintiffs each a flat daily rate (e.g. $130 per day).

34. At the commencement of each Plaintiff's employment, Defendants indicated to Plaintiffs that said flat daily rate corresponded to a regular work schedule consisting of six days per week (Monday through Saturday) and eight hours per day.

35. In fact, Defendants consistently paid each Plaintiff an hourly rate equal to 1/8 of his respective purported daily rate for each hour of work, regardless of the total number of hours worked in each week.  Defendants paid Plaintiffs at these effective hourly rates for each hour of work in weeks when Plaintiffs worked the agreed-upon schedule of 48 hours, as well as for each hour of work in weeks when Plaintiffs worked more than 48 hours and in weeks when Plaintiffs worked fewer than 48 hours (including weeks when Plaintiffs worked fewer than 40 hours).

36. Thus, Plaintiffs were paid no more than their regular rate of pay regardless of the number of hours worked, and Defendants never paid Plaintiffs a premium rate for overtime hours, in violation of the FLSA and NYLL.

37. Defendants never paid Plaintiffs a premium rate for the additional time for days in which

      Plaintiffs worked more than 10 hours, in violation of the NYLL.

38. Defendants paid Plaintiffs nothing whatsoever for certain hours worked.

39. Plaintiff Jose Bisono was employed by Defendants from approximately August 2015 to September 21, 2017. Plaintiff Jose Bisono was hired at a purported daily rate of $130 per day and his purported salary increased to $144 per day, based on an agreed upon regular schedule of 8 hours per day and 6 days per week.

40. As described above, Plaintiff Jose Bisono was, in fact, paid at an hourly rate, beginning at $16.25 per hour and later increasing to $18 per hour, which did not vary, regardless of the number of hours worked in a week. He routinely worked in excess of 40 hours per week, typically at least 48 hours, and was never paid a premium rate for overtime hours.

41. Defendants "paid" Plaintiff Jose Bisono with several checks that were returned due to insufficient funds. Altogether, Defendants caused Plaintiff Jose Bisono to incur approximately $200 in bank fees by repeatedly issuing bad checks and have not paid him his wages owing from said bounced checks.

42. Plaintiff Joaquin Vicente was employed by Defendants from approximately 2013 to September 2017. Plaintiff Joaquin Vicente was hired at a purported daily rate of $130 per day and his salary increased incrementally to $170 per day, based on an agreed upon regular schedule of 8 hours per day and 6 days per week.

43. As described above, Plaintiff Joaquin Vicente was, in fact, paid at an hourly rate, beginning at $16.25 per hour and later increasing to $21.25 per hour, which did not vary regardless of the number of hours worked in a week. He routinely worked in excess of 40 hours per week, typically at least 48 hours, and was never paid a premium rate for overtime hours.

44. Plaintiff Edgar Mendez was employed by Defendants from approximately September 2015

to September 2017.  Plaintiff Edgar Mendez was hired at a purported rate of $120 per day and his salary increased incrementally to $150 per day, based on an agreed upon regular schedule of 8 hours per day and 6 days per week.

45. As described above, Plaintiff Edgar Mendez was, in fact, paid at an hourly rate, beginning at $15 per hour and later increasing to $18.75 per hour, which did not vary regardless of the number of hours worked in a week.  He routinely worked in excess of 40 hours per week, typically at least 48 hours, and was never paid a premium rate for overtime hours.

46. During Plaintiffs' employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act in a conspicuous place in their establishment such as would permit Plaintiffs or other employees to observe readily a copy, as required by 29 C.F.R. § 516.4.

47. During Plaintiffs' employment, Defendants did not post and keep posted the minimum wage and overtime poster issued by the New York State Department of Labor at the places of employment where it could be read easily by their employees, as required by NYLL § 661.

48. During Plaintiffs' employment, Defendants did not notify Plaintiffs, or post and keep posted the notice, of the employer's policy on sick leave, vacation, personal leave, holidays and hours, as required by NYLL § 195(5).

49. Plaintiffs did not receive at the time of hiring, or at any subsequent time, a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information outlined in NYLL § 195(1)(a), such as the rate of pay.

50. Plaintiffs did not receive weekly wage stubs or statements containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime

hours, and number of regular and overtime hours worked.

51. Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiffs premium pay for all hours worked in excess of forty (40) per week.

52. Upon information and belief, during the period of Plaintiffs' employment by Defendants, at all times approximately 10-15 other individuals were also employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages in violation of Federal and State law.  The duration of employment for each individual varied and was often less than six months.  Plaintiffs estimate that in total at least 40-50 individuals were employed by Defendants in similar capacities at the same job sites and subject to the same pay policies during the past three years.

### V.   COLLECTIVE AND CLASS ACTION ALLEGATIONS

53. Plaintiffs bring their First Cause of Action as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of all current and former employees who have worked for Defendants as construction laborers within the three years prior to the filing of this lawsuit, or such earlier date as the Court may determine is equitable (the "Opt-in Class").

54. The current and former employees described in the two preceding paragraphs above are situated similarly to Plaintiffs within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

55. This action is also maintainable as a collective action pursuant to FLSA, 29 U.S.C. § 216(b) because the prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to individual current and former employees, which would establish incompatible standards of conduct for Defendants.

56. Plaintiffs bring their NYLL claims on behalf of themselves and all other similarly situated individuals ("Class Plaintiffs") under Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Plaintiffs bring these New York State law claims on behalf of all persons who worked for one or more of the Defendants as construction laborers at any time during the period from six years prior to the filing of this lawsuit to entry of judgment in this case (the "Rule 23 Class" and "Rule 23 Class Period" respectively), or such other dates as the Court may determine are equitable.

57. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 40-50 members of the Rule 23 Class during the Rule 23 Class Period. There are questions of law and fact common to the Rule 23 Class which predominate over any questions affecting only individual members. The claims of the Individual Plaintiffs are typical of the claims of the Rule 23 Class. The Individual Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final

injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

58. Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

   a. Whether each of the Defendants is an employer of the Opt-in Class and Rule 23 Class under FLSA and/or NYLL;

   b. Whether Defendants unlawfully failed and continue to fail to pay minimum wage and overtime compensation in violation of FLSA;

   c. Whether Defendants unlawfully failed and continue to fail to pay minimum wage, spread of hours, and overtime compensation in violation of NYLL;

   d. Whether Defendants' unlawful failure to pay minimum wage, spread of hours, and overtime compensation to the Opt-in Class and Rule 23 Class was willful; and

   e. Whether Defendants provided adequate notice to the Opt-in Class and Rule 23 Class of their rights under FLSA and NYLL.

59. The names, last known addresses, and cell phone numbers of the Opt-in Class and Rule 23 Class Plaintiffs are available from Defendants, and notice should be provided to the Opt-in Class and Rule 23 Class both by first class mail to their last known address and by workplace posting, as well as by other practicable means, including but not limited to text messaging, as soon as possible.

## VI.  FIRST CAUSE OF ACTION
### *Fair Labor Standards Act*

60. Plaintiffs Jose Bisono, Joaquin Vicente, and Edgar Mendez (collectively "the Named

Plaintiffs") and any Class members who file individual consents to sue in this action ("Opt-in Plaintiffs") restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

61. Defendants willfully failed to pay Plaintiffs at least the applicable federal minimum wage for certain hours worked in violation of 29 U.S.C. § 206 (a)(1).

62. Defendants willfully failed to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wage and overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## VII.   SECOND CAUSE OF ACTION

*New York Labor Law*

64. The Named Plaintiffs on behalf of the Rule 23 Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

65. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten in one day, in violation of NYLL and its regulations.

66. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs at the applicable minimum hourly wage, in violation of NYLL.

67. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs timely, in

      violation of NYLL § 191.

68.     Defendants willfully failed to provide Plaintiffs, at the time of hiring or any subsequent time, a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information required by NYLL § 195(a), such as the rate of pay.

69.     Throughout the entire course of their employment, Defendants willfully failed to provide Plaintiffs weekly wage stubs or statements containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

70.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, their unpaid minimum wages, liquidated damages for unpaid wages and unreasonably delayed payment of wages, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

71.     Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(a) and (b);

72.     Designate this action as a collective action pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Opt-in Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all Opt-in Plaintiffs from the date of filing of this Complaint until the Opt-in Class has been

provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

73. Designate Plaintiffs as representatives of the Opt-in Plaintiffs and Rule 23 Class Plaintiffs;

74. Order Defendants to pay to Plaintiffs and Opt-in Plaintiffs all minimum and overtime wages owed, consistent with FLSA;

75. Order Defendants to pay to Plaintiffs and Rule 23 Class Plaintiffs all minimum, spread of hours, and overtime wages owed, consistent with NYLL;

76. Order Defendants to pay to Plaintiffs and Rule 23 Class Plaintiffs the statutorily prescribed penalties for failure to provide Plaintiffs with notice required by NYLL;

77. Award Plaintiffs and Opt-in Plaintiffs liquidated damages for all wages withheld in violation of FLSA;

78. Award Plaintiffs and Rule 23 Class Plaintiffs additional liquidated damages for all wages withheld or delayed in violation of NYLL;

79. Award the Individual Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

80. Award Plaintiffs, Opt-in Plaintiffs and Rule 23 Class Plaintiffs reasonable attorneys' fees, costs and interest; and

81. Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

### IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

73. Designate Plaintiffs as representatives of the Opt-in Plaintiffs and Rule 23 Class Plaintiffs;

74. Order Defendants to pay to Plaintiffs and Opt-in Plaintiffs all minimum and overtime wages owed, consistent with FLSA;

75. Order Defendants to pay to Plaintiffs and Rule 23 Class Plaintiffs all minimum, spread of hours, and overtime wages owed, consistent with NYLL;

76. Order Defendants to pay to Plaintiffs and Rule 23 Class Plaintiffs the statutorily prescribed penalties for failure to provide Plaintiffs with notice required by NYLL;

77. Award Plaintiffs and Opt-in Plaintiffs liquidated damages for all wages withheld in violation of FLSA;

78. Award Plaintiffs and Rule 23 Class Plaintiffs additional liquidated damages for all wages withheld or delayed in violation of NYLL;

79. Award the Individual Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

80. Award Plaintiffs, Opt-in Plaintiffs and Rule 23 Class Plaintiffs reasonable attorneys' fees, costs and interest; and

81. Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

### IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

RESPECTFULLY SUBMITTED,

/s/ Maureen Hussain
MAUREEN HUSSAIN, Esq.
ROBERT MCCREANOR, Esq.
Hudson Valley Justice Center
30 South Broadway
Yonkers, NY 10701
(914) 308-3490
mhussain@hvjc.org
rmccreanor@hvjc.org

**ATTORNEYS FOR THE PLAINTIFFS**

Dated: December 1, 2017