UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Bisono, Joaquin Vicente, and Edgar Mendez Individually, and on behalf of all others similarly situated as Class Representatives, <br><br>Plaintiffs,<br><br>v.<br><br>TDL Restoration Inc., TDL Management Corp., Driton Quni and Gjon Quni,<br><br>Defendants. | **Docket No.: 7:17-cv-9431** |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' FIRST MOTION *IN LIMINE* AS TO IMMIGRATION, FAMILY AND PERSONAL MATTERS

Submitted by.
JASNE & FLORIO, L.L.P.
*Attorneys for Defendants*
30 Glenn Street, Suite 103
White Plains, New York 10603
(914) 997-1212

## INTRODUCTION AND PROCEDURAL HISTORY

This Memorandum of Law is submitted in Opposition to the opposition to Plaintiffs' First Motion *in Limine* As to Immigration, Family and Personal Matters in accord with Fed.R.Civ.P. Rule 7, Local Rule 7.1 and the Individual Practices of Magistrate Judge Judith C. McCarthy. Additionally, this matter is submitted in accord with the Trial Order of Magistrate McCarthy entered on December 6, 2018.

## ARGUMENT
### Plaintiffs' Request is Overly Broad and Should be Denied as to all Matters Other than Immigration Status

Initially, it should be noted that the Eastern District case of *Demirovic v. Ortega*, 2017 U.S. Dist. LEXIS 170206 (E.D.N.Y. 2017) supports Plaintiffs' Motion as to Plaintiffs' Immigration status. The Court therein noted that it agreed

> that plaintiffs' immigration status is not relevant to the FLSA claims at issue in this litigation. *See* Fed. R. Evid. 401. Even if immigration status were relevant, its prejudicial effect and tendency to mislead the jury would substantially outweigh any probative value. *See* Fed. R. Evid. 403; *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F.Supp .3d 424 . 426 (E.D.N.Y. 2014). Accordingly, the Court grants plaintiffs' motion to preclude any mention of their immigration status at trial.

Notably, Defendants have no issue with this ruling but contests the Plaintiffs' attempt to apply this holding to all issues they deem "sensitive" under the broad banner of excludable testimony under the heading of "IMMIGRATION, FAMILY AND PERSONAL MATTERS" and seek to "bundle" all such matters for purposes of preclusion.

Moreover, Plaintiffs' credibility is at issue in this Trial and, upon information and belief, one such topic that the Plaintiffs seek to preclude from the hearing of the Jury is the fact that several Plaintiffs had unpaid child support obligations which they actively dodged. Additionally, upon

information and belief, it is because of these obligations that the Plaintiffs sought to hide income, which included cash payments demanded from Defendants. Thus, the "family and personal matters" issues are relevant and may be probed at least to the extent of testing Plaintiffs' credibility.

As such, while Defendants do not contest the exclusion as to the Plaintiffs' Immigration status, the balance of Plaintiffs' request to preclude should be denied as overly broad. It is respectfully requested that this Court enter an Order that Immigration status is excluded, but that all other "Family" and "Personal Matters" are specifically not excluded. In the alternative, this Honorable Court is requested to make a ruling at the time of the Trial as the testimony evolves, should such be necessary.

Dated: March 13, 2019
       White Plains, New York

                                              RESPECTFULLY SUBMITTED
                                              Jasne & Florio, L.L.P.

                                              By: Hugh G. Jasne, Esq. (HGJ - 5041)