UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Bisono, Joaquin Vicente, and Edgar Mendez Individually, and on behalf of all others similarly situated as Class Representatives, <br><br> Plaintiffs, <br><br> v. <br><br> TDL Restoration Inc., TDL Management Corp., Driton Quni and Gjon Quni, <br><br> Defendants. | **Docket No.: 7:17-cv-9431** |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' THIRD MOTION *IN LIMINE* AS TO THE MEALTIME OFFSET

Submitted by.
JASNE & FLORIO, L.L.P.
*Attorneys for Defendants*
30 Glenn Street, Suite 103
White Plains, New York 10603
(914) 997-1212

## INTRODUCTION AND PROCEDURAL HISTORY

This Memorandum of Law is submitted in Opposition to the opposition to Plaintiffs' Third Motion *in Limine* as to the Mealtime Offset in accord with Fed.R.Civ.P. Rule 7, Local Rule 7.1 and the Individual Practices of Magistrate Judge Judith C. McCarthy. Additionally, this matter is submitted in accord with the Trial Order of Magistrate McCarthy entered on December 6, 2018.

## ARGUMENT
### Plaintiffs raise a question of fact such that their Motion should be denied

Plaintiffs' Complaint states that Plaintiffs worked more than forty (40) hours per week and more than ten (10) hours every day without being compensated for their overtime. Moreover, they contend that they are a part of a much larger class of TDL Restoration Inc. employees and yet, no other employees have joined suit. The one additional former employee who has brought an action against these same Defendants, Juventino Garcia-Severino, alleges in his Complaint, in this Honorable Court under index number 7:18-cv-11401-UA, that he "normally worked between 8:00 a.m. until 4:00 p.m. (eight (8) hours), six (6) days per week, for an approximate total of forty-eight (48) working hours per week. Some weeks, Plaintiffs worked a seventh (7th) day, or longer hours". Thus, the gravamen of Mr. Garcia-Severino's Complaint is payment for the number of days worked, but not the hours generally worked per day. This raises credibility issues with the Plaintiffs' expected testimony on this issue and raises an issue of fact.

Moreover, Plaintiffs cite to the Employee Handbook without referencing the date of the Handbook or the effective dates of such policy. Thus, it is unclear whether the policy of paid mealtime was in effect during the applicable period referenced in Plaintiffs' Complaint. Therefore, depending on the number of hours per day the Plaintiffs actually worked will affect the mealtime hours and whether or not overtime is owed, and to what extent.

Notwithstanding the decision of this Honorable Court in *Shanfa Li v. Chinatown Take-Out Inc.*, 2018 U.S.D.C. 219941 (S.D.N.Y. 2018), while Defendants concede that the law seems fairly established as to payment for mealtime breaks, such policy cannot be definitively established by Plaintiffs. In short, if mealtimes were paid by Defendants, then Plaintiffs should be paid, however, the policy regarding paid mealtimes changed over time, and there is no credible proffer that the policy cited by Plaintiffs was in effect at the applicable time period referenced in their Complaint.

Based on the question of fact as to the policy of Defendants in effect at the applicable time period of Plaintiffs' Complaint, their Third Motion *in Limine* must be denied in its entirety.

Dated: March 13, 2019
       White Plains, New York

                              RESPECTFULLY SUBMITTED
                              Jasne & Florio, L.L.P.

                              By: Hugh G. Jasne, Esq. (HGJ - 5041)