**AGREEMENT REGARDING ALLOCATION AND DIVISION OF ATTORNEYS' FEES**

This Agreement is made and entered into this 30th day of May 2018, by and between Hudson Valley Justice Center ("HVJC") and Worker Justice Center of New York ("WJCNY"), and sets out the agreement covering the allocation and division of any and all funds recovered as attorneys' fees and/or reimbursement for costs incurred by HVJC and WJCNY while acting as Plaintiffs' counsel in relation to the litigation matters identified herein.

**WITNESSETH**

WHEREAS, attorneys Robert McCreanor and Maureen Hussain while employed by HVJC have heretofore served as counsel for Plaintiffs in the following matters which remain pending:

- Jose Barragan et al. v. Rosann Landscape Corp. et al, 7:17-cv-06453(CS), (S.D.N.Y)
- Herrera v. Panaderia Y Café La Chapincita et al.; Index No. 67724/2017 (New York State Supreme Court, Westchester County)
- Ramirez et al. v. Abba Builders Inc. et al.; 1:17-cv-8688 (RWS), (S.D.N.Y.)
- Bisono et al. v. TDL Restoration Inc. et al.; 7:17-cv-09431-VB, (S.D.N.Y.)
- Anton et al. v. Go Green Finish et al., 18-cv-1506-NR (S.D.N.Y.)

WHEREAS, attorneys Robert McCreanor and Maureen Hussain have resigned from their employment at HVJC effective June 1, 2018,

WHEREAS, attorneys Robert McCreanor and Maureen Hussain will become associated with and employed by WJCNY effective June 1, 2018,

WHEREAS, Plaintiffs in the above-referenced matters wish to terminate HVJC's representation and continue to be represented by attorneys Robert McCreanor and Maureen Hussain as employees of WJCNY after June 1, 2018,

WHEREAS, attorneys Robert McCreanor and Maureen Hussain filed substitution of counsel papers with the courts noted above, substituting WJCNY instead of HVJC as Plaintiffs' law firm in the above-referenced matters effective June 1, 2018, and the substitution has been so ordered by the respective federal courts, and

WHEREAS, HVJC and WJCNY acknowledge that any funds awarded to Plaintiffs by the court or received through negotiated settlements in the above-referenced matters and designated as attorneys' fees and/or costs should be allocated in a proportional manner based on professional hours expended;

NOW, THEREFORE, for and in consideration of the promises and the mutual covenants and agreements set forth herein, the receipt and sufficiency of which are hereby acknowledged, and to induce reliance thereon and in reliance thereon, the parties hereto covenant, agree, stipulate, represent and warrant as follows with respect to each of the above-referenced litigation matters:

If any such action results in a payment, recovery or award of plaintiffs' attorneys' fees and/or expenses, all monies that are to be received by the parties' attorneys will be distributed as follows:

*First*, the firms shall be reimbursed for any costs and expenses each has advanced for the litigation before there is any distribution of fees. If the payment, recovery or award of plaintiffs' attorneys' fees is insufficient to reimburse each of the firms fully for all costs and expenses it has advanced for the litigation, such firm shall be reimbursed fully and proportionally based upon the firms' expenses incurred and recorded prior to any payment of attorneys' fees;

*Second*, the monies remaining after reimbursement of all costs and expenses (the "net monies") will be distributed *pro rata* in proportion to the hourly amount of work performed, as calculated by the entire number of hours worked and recorded or to be recorded by attorneys from HVJC and WJCNY for the time they were employed at each such organization.

**Miscellaneous Provisions**

*Conflict with Fee Provisions:*  HVJC and WJCNY will submit this agreement to the court having jurisdiction of any of the matters listed herein if and when an application is made by Plaintiff(s) for attorneys' fees and costs, and will request that any court award of fees and costs be entered in recognition of and in accordance with its terms. The amounts so awarded will be allocated as set forth in this agreement, unless the award explicitly prohibits such an allocation.

*Settlement and Fee Application Authority*: Plaintiffs and their attorneys of record at the time of settlement negotiations and/or of their submission of an application to recover costs and attorneys' fees shall have sole authority to make such application and to negotiate and accept or reject the terms of settlement, as long as these actions give full effect to the provisions stated in this Agreement.

*Time and Expense Records:* HVJC and WJCNY will continue to maintain contemporaneous time and expense records for attorneys and staff.  These records will be shared between the firms on request. In the event that HVJC and WJCNY must submit hours to obtain any fee

2

award, the firms will cooperate as necessary in the submission of such application. Robert McCreanor and Maureen Hussain will remain responsible at all times for insuring that all their time records and all expenses for the period while they were employed by HVJC and WJCNY are timely, fully and accurately maintained and are produced to assist HVJC for purposes of carrying out this agreement.

*Dispute:* Mediating any dispute between the parties with a neutral third-party mediator is preferred. However, if mediation is neither agreed to nor successful, then any controversy or claim arising out of or relating to this contract or breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The arbitration hearing shall be conducted in Westchester County, NY unless the parties consent to a different location. The decision of the arbitrator shall be final and binding on all parties.

*Entire Agreement:* This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of the Agreement will be binding on the parties.

*Counterparts:* This Agreement may be executed by the parties in one or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

*Drafting:* This agreement has been drafted by Robert McCreanor, Maureen Hussain, Lewis Papenfuse, Robert Hermann and Eric Gordon.

**THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.**

*AGREED AND ACKNOWLEDGED:*

**HUDSON VALLEY JUSTICE CENTER**

By: _____
       Eric Gordon, Chair of the Board of Directors

**WORKER JUSTICE CENTER OF NEW YORK**

By: _____
       Lewis Papenfuse, Executive Director

_____
Robert McCreanor

_____
Maureen Hussain

Dated: May 30, 2018

4