UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE BISONO,
JOAQUIN VICENTE, and
EDGAR MENDEZ,

          Plaintiffs,

-against-

TDL RESTORATION, INC.,
DRITON QUNI, and
GJON QUNI,

          Defendants.

17 Civ. 9431 (JCM)

**JUDGMENT**

    **WHEREAS**, Plaintiffs Jose Bisono, Joaquin Vicente and Edgar Mendez ("Plaintiffs") commenced this action on December 1, 2017; and

    **WHEREAS**, on September 24, 2018, this action was assigned to the Honorable Judith C. McCarthy, United States Magistrate Judge, to conduct all proceedings by consent of the parties pursuant to 28 U.S.C. § 636(c); and

    **WHEREAS**, this action proceeded to a jury trial on April 30, 2019; and

    **WHEREAS**, the trial concluded and the jury rendered a unanimous verdict on May 7, 2019 in favor of Plaintiffs against Defendants TDL Restoration, Inc., Driton Quni and Gjon Quni ("Defendants"); and

    **WHEREAS**, the jury found Defendants liable to Plaintiffs for unpaid wages, liquidated damages and statutory damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

    **WHEREAS**, the verdict sheet did not ask the jury to reach a determination of the total amounts of unpaid wages and liquidated damages owed to Plaintiffs. Rather, the jury made

week-by-week determinations of Plaintiffs' hours worked, wages received, and regular rates of pay over the periods of time when they were employed by Defendants; and

**WHEREAS**, the Court instructed the parties to file a proposed calculation of damages and judgment based upon the jury verdict rendered on May 7, 2019; and

**WHEREAS**, on May 14, 2019, the parties filed a joint proposed calculation of damages; and

**WHEREAS**, on May 20, 2019, Plaintiffs filed a proposed order based on the parties' proposed calculation of damages; and

**WHEREAS**, neither party has objected to the proposed calculation of damages or proposed order.

**WHEREAS**, the Court accepts the parties' joint submissions, except on the issue of post-judgment interest.[1]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of Plaintiff Joaquin Vicente against Defendants, jointly and severally, in the amount of $197,651.09, which includes:

A. compensatory damages for unpaid regular and overtime wages under the NYLL in the amount of $79,913.13;

B. unpaid spread of hours wages under NYLL in the amount of $1,613.30;

---

[1] The parties request that the Court calculate post-judgment interest pursuant to New York Civil Practice Law and Rules § 5002. (Docket No. 116 at 3). However, "[i]n contrast to pre-judgment interest, post-judgment interest is governed by federal statute. 28 U.S.C. § 1961(a) states that '[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.' Post-judgment interest is calculated from the date of the entry of the judgment, at the weekly average 1-year constant maturity U.S. Treasury yield rate published by the Board of Governors of the Federal Reserve System for the preceding calendar week." *Morales v. Mw Bronx, Inc.*, No. 15-CV-6296 (TPG), 2016 WL 4084159, at *11 (S.D.N.Y. Aug. 1, 2016); *see Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 53 (E.D.N.Y. 2015) (calculating post-judgment interest in FLSA and NYLL wage-and-hour case using 28 U.S.C. § 1961).

C. statutory damages for violation of NYLL § 195(1) in the amount of $2,500.00;

D. statutory damages for violation of NYLL §195(3) in the amount of $5,000.00;

E. pre-judgment interest pursuant to Rule 5001 of the Civil Practice Law and Rules ("CPLR") in the amount of $24,507.61;

F. liquidated damages for unpaid regular, overtime and spread of hours wages pursuant to the NYLL in the amount of $81,526.43;

G. liquidated damages for delayed payment of wages pursuant to the FLSA in the amount of $2,530.62; and

H. unpaid bank fees for returned pay checks in the amount of $60.00.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of Plaintiff Edgar Mendez against Defendants, jointly and severally, in the amount of $83,357.22, which includes:

A. compensatory damages for unpaid regular and overtime wages under the NYLL in the amount of $30,135.91;

B. unpaid spread of hours wages under NYLL in the amount of $2,571.45;

C. statutory damages for violation of NYLL § 195(1) in the amount of $5,000.00;

D. statutory damages for violation of NYLL §195(3) in the amount of $5,000.00;

E. pre-judgment interest pursuant to Rule 5001 of the CPLR in the amount of $7,796.50;

F. liquidated damages for unpaid regular, overtime and spread of hours wages pursuant to the NYLL in the amount of $32,707.36;

G. liquidated damages for delayed payment of wages pursuant to the FLSA in the amount of $116.00; and

      H. unpaid bank fees for returned pay checks in the amount of $30.00.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of Plaintiff Jose Bisono against Defendants, jointly and severally, in the amount of $92,723.46, which includes:

      A. compensatory damages for unpaid regular and overtime wages under the NYLL in the amount of $33,656.09;

      B. unpaid spread of hours wages under NYLL in the amount of $2,007.60;

      C. statutory damages for violation of NYLL § 195(1) in the amount of $5,000.00;

      D. statutory damages for violation of NYLL §195(3) in the amount of $5,000.00;

      E. pre-judgment interest pursuant to Rule 5001 of the CPLR in the amount of $8,560.08;

      F. liquidated damages for unpaid regular, overtime and spread of hours wages pursuant to the NYLL in the amount of $35,663.69;

      G. liquidated damages for delayed payment of wages pursuant to the FLSA in the amount of $2,704.00; and

      H. unpaid bank fees for returned pay checks in the amount of $132.00.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that post-judgment interest shall accrue at the statutory rate provided for in 28 U.S.C. § 1961, running from the date of entry of this Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to NYLL §§ 198(4) and 663(4), "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent."

    Accordingly, the Clerk of Court is respectfully requested to close the case.

Dated:   June 6, 2019
           White Plains, New York

                                            SO ORDERED:

                                            _____
                                            JUDITH C. McCARTHY
                                            United States Magistrate Judge