UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE BISONO, JOAQUIN VICENTE, and
EDGAR MENDEZ,

                    Plaintiff,

    -against-

TDL RESTORATION, INC.,
DRITON QUNI and GJON QUNI,

                    Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER**

17 Civ. 9431 (JCM)

Plaintiffs Jose Bisono, Joaquin Vicente and Edgar Mendez (collectively, "Plaintiffs") commenced this action against Defendants TDL Restoration, Inc., TDL Management Corp., Driton Quni, and Gjon Quni seeking damages pursuant to the Fair Labor Standards Act (hereinafter, "FLSA") and New York Labor Law (hereinafter, "NYLL"). (Docket No. 1). This action proceeded to trial, after which the jury found Defendants TDL Restoration, Inc., Driton Quni, and Gjon Quni (collectively, "Defendants")[1] liable to Plaintiffs for unpaid wages, liquidated damages and statutory damages under the FLSA and NYLL. (Docket No. 115). Presently before the Court is Plaintiffs' motion for attorneys' fees and costs. (Docket No. 118). Defendants opposed Plaintiffs' motion, (Docket No. 126), and Plaintiffs replied, (Docket No. 127). For the reasons set forth below, Plaintiffs' motion for attorneys' fees and costs is granted in part and denied in part. The Court awards $208,159.50 in attorneys' fees and $8,676.41 in costs.

---

[1] Defendant TDL Management Corp. was dismissed from this case during trial pursuant to Fed. R. Civ. P. 50. (Minute Entry dated May 3, 2019).

1

## I. BACKGROUND

On December 1, 2017, Plaintiffs commenced this action seeking to recover unpaid wages, liquidated damages, statutory damages, attorneys' fees, and interest under the FLSA and NYLL. (Docket No. 1). During discovery, the parties participated in a mediation and a settlement conference, both of which failed to reach a settlement. (Minute Entry dated Aug. 3, 2018); (Minute Entry dated Oct. 25, 2018). Following the completion of discovery, Defendant Gjon Quni moved for summary judgment, arguing that he was not an "employer" within the meaning of the FLSA or NYLL. (Docket No. 66). The other defendants did not file a motion for summary judgment. Plaintiffs opposed the motion. (Docket No. 76). On March 22, 2019, the Court denied Defendant Gjon Quni's motion for summary judgment. (Minute Entry dated Mar. 22, 2019). A jury trial was held from April 30, 2019 to May 7, 2019. On May 3, 2019, the Court granted Defendant TDL Management Corp.'s unopposed motion for a directed verdict pursuant to Fed. R. Civ. P. 50. (Minute Entry dated May 3, 2019). On May 7, 2019, the jury found the remaining Defendants liable to Plaintiffs under both the NYLL and FLSA. (Docket No. 115). On May 14, 2019, the parties submitted a joint calculation of proposed damages. (Docket No. 116). On June 6, 2019, the Court entered judgment against Defendants TDL Restoration, Inc., Driton Quni, and Gjon Quni, jointly and severally, in favor of Plaintiffs in the following amounts: $92,723.46 to Jose Bisono, $83,357.22 to Edgar Mendez, and $197,651.09 to Joaquin Vicente. (Docket No. 121).

## II. DISCUSSION

Plaintiffs seek reasonable attorneys' fees, which they are entitled to recover under the FLSA and NYLL as the prevailing party. *See* 29 U.S.C. § 216(b); NYLL § 198. "District courts have broad discretion when awarding a fee, but must clearly explain the reasons supporting an

2

award." *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183 (JCF), 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017). "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Id.* In assessing the reasonableness of attorneys' fees, the Court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. 09-CV-3983 (TZ), 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011). However, "[t]here is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).

**A. Reasonable Hourly Rate**

Plaintiffs seek fees for seven individuals. (McCreanor Aff.[2] at 8–14). Robert McCreanor is the legal director of the Worker Justice Center of New York ("WJCNY"), and a 2002 graduate of Harvard Law School. (*Id.* at 8). For the past ten years, Mr. McCreanor has worked in non-profit, public interest legal practice settings with a concentration in employment and housing litigation. (*Id.* at 8–9). Mr. McCreanor requests a rate of $350 per hour. (*Id.* at 14). Maureen Hussain is a staff attorney at WJCNY, a 2011 graduate of Harvard Law School, and a former judicial law clerk to the Honorable Debra Freeman in the Southern District of New York. (*Id.* at 11–12). Ms. Hussain represents low-income individuals and groups in employment, housing and immigration matters. (*Id.*). Ms. Hussain requests a rate of $225 per hour. (*Id.* at 14). John

---

[2] Refers to the Affidavit of Robert McCreanor submitted in support of Plaintiffs' motion for attorneys' fees and costs. (Docket No. 119).

Marsella is a staff attorney at WJCNY and a 2013 graduate of American University Law School. (*Id.* at 12–13). Since 2013, Mr. Marsella has represented individuals in civil rights and employment law matters. (*Id.* at 12). Mr. Marsella requests a rate of $225 per hour. (*Id.* at 14). Ken Wolkin and Nathalia Rosado-Oliveras are paralegals at WJCNY, who request an hourly rate of $125 per hour. (*Id.* at 13–14). Amanda Batista and Diana Saguilan are administrative support staff at WJCNY, who request a rate of $50 per hour. (*Id.* at 14).

Defendants do not contest Plaintiffs' requested hourly rates, and the Court finds Plaintiffs' rates to be entirely reasonable. Experienced litigators like Mr. McCreanor are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York. *See Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.,* No. 13 Civ. 3061 (JGK), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) (collecting cases). Moreover, "FLSA litigators who have more than three years of experience have been awarded rates in excess of $225 per hour." *Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015). Finally, Plaintiffs' hourly rates for the paralegals and legal assistants are reasonable. *See Denoyer v. PMI Sec. Prot. Inc.,* No. 15 Civ. 4834(KMK)(JCM), 2018 WL 1738217, at *6 (S.D.N.Y. Jan. 23, 2018), *report and recommendation adopted*, 2018 WL 1737154 (S.D.N.Y. Apr. 9, 2018) (awarding experienced paralegals $125 per hour in a FLSA wage-and-hour case). Accordingly, the Court adopts Plaintiffs' requested hourly rates.

## B. Reasonable Hours Expended

"The party seeking attorneys' fees bears the burden of demonstrating that the claimed . . . number of hours [is] reasonable," and the "amount of time expended must be adequately supported by contemporaneous time records that specify relevant dates, time spent, and work done." *Creighton*, 2011 WL 4914724, at *6 (internal quotation marks and citations omitted).

4

"Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "In so doing, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks and citation omitted).

Here, Plaintiffs' attorneys submitted contemporaneous time records, (Docket Nos. 119-2–119-8), and seek payment for 956.12 hours worked,[3] (Docket No. 119-1). The Court is mindful that the lengthy procedural history of this case required both parties to dedicate a significant amount of time litigating this matter. The parties participated in a mediation and settlement conference, conducted extensive discovery, engaged in both dispositive and pre-trial motion practice, tried a week-long jury trial, and submitted post-trial briefing. In addition, the Court also accepts Plaintiffs' attorneys' representations that they have excluded certain tasks from their requested lodestar amount.[4] However, upon review, the amount of hours worked in this matter warrants reduction for several reasons.

First, the time records contain excessive hours for certain tasks. *See Husain v. Springer*, 579 Fed. Appx. 3, 7 (2d Cir. 2014) (noting that courts can impose fee reductions for excessive billing) (summary order). For example, Mr. McCreanor billed over 16 consecutive hours in a single day for "catalogue and review of defendants' disclosures in relation to summary judgment

---

[3] Plaintiffs originally sought payment for 971.28 hours worked. (Docket No. 119-1). After Defendants identified a computing error in the April 22, 2019 entry in Mr. McCreanor's invoice, (Docket No. 126 at 15), Plaintiffs modified that entry and voluntarily reduced Mr. McCreanor's total hours worked, (Docket No. 128 at 2).

[4] For example, Plaintiffs represent that they have excluded Mr. Marsella's time entries for taking trial notes and performing miscellaneous legal research during trial from the lodestar amount. (Docket No. 119-1).

motion, references to Gjon Quni." (Docket No. 119-2 at 3).  Within that time, Mr. McCreanor appears to have billed an additional hour for the same task. (*Id.*).  Mr. McCreanor also billed approximately 24 hours updating Plaintiffs' damages calculations in anticipation of the mediation held on March 13, 2018. (*Id.* at 1).  Ms. Hussain also billed multiple hours revising Plaintiffs' damages calculations prior to mediation. (Docket No. 119-3 at 1).  The Court also finds that 29 hours preparing the instant fee application is excessive based on the lack of complexity associated with the motion. *See Access 4 All, Inc. v. 135 W. Sunrise Realty Corp.*, No. CV 06-5487 (AKT), 2008 WL 4453221, at *12 (E.D.N.Y. Sept. 30, 2008) (reducing the amount of hours spent preparing the attorneys' fees application from 19.4 hours to 9.7 hours).

Second, counsel billed their full rate for administrative and non-legal tasks such as courtroom "technology set up," delivering courtesy copies, collating trial exhibits, and scanning documents. (Docket Nos. 119-2 at 4–5, 19-3 at 4–5); *see Balu v. City of New York*, No. 12 Civ. 1071 (KPF), 2016 WL 884666, at *5 (S.D.N.Y. Mar. 8, 2016) ("Courts can also reduce hours where attorneys are performing clerical or administrative work.").  Moreover, some of the entries, such as "preparing for court appearance," "calculating damages," and "researching jury instructions," (Docket No. 119-3 at 5, 7), are overly vague and prevent the Court from determining whether the work constituted a reasonable expenditure of time. (*See also* Docket No. 119-3 at 4) ("emailing defense counsel about new lawsuit, settlement position, *etc.*") (emphasis added); *Harley v. Nesby*, No. 08-CV-5791(KBF)(HBP), 2012 WL 1537881, at *12 n. 14 (S.D.N.Y. May 2, 2012) (reducing hours by fifteen percent and finding that time entries such as "Research re: privilege/compel production issues," "Research re: discovery compliance," and "Research regarding possible discovery sanctions" were overly generalized); *Custodio v. Am. Chain Link & Const., Inc.*, No. 08 Civ. 7148 (GBD)(HBP), 2014 WL 116147, at *15 (S.D.N.Y.

Jan. 13, 2014) (holding that plaintiff's time entries, such as "[r]esearch law" or "[r]eview records," were deficient on vagueness grounds).

Third, the time records contain multiple block entries that fail to distinguish the amount of time worked on individual tasks. (*See, e.g.,* Docket No. 119-2 at 1); (Docket No. 119-3 at 9); (Docket No. 119-5 at 1). "While 'block billing is not prohibited in this Circuit' . . . [it] renders it difficult to determine whether, and/or the extent to which, the work done by [the] attorneys is duplicative or unnecessary." *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325–26 (S.D.N.Y. 2003) (quoting *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 427 (S.D.N.Y. 1999)). Moreover, the block entries group both legal and administrative tasks into a single entry and bill at a single hourly rate. For example, one entry states "review of defendants' production, locate 'meal break' compensation provision in employee handbook, scan and send to Maureen, legal research." (Docket No. 119-2 at 1). The "legal research" aspect of the entry is properly billed at the attorney's full rate. However, the "scanning" component of the entry should be compensated at a lower rate, or not compensated at all. *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 139 (2d Cir. 2008) ("4 hours spent on administrative tasks should not be compensated all"); *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431–32 (S.D.N.Y. 2011) *aff'd* 487 F. App'x 619 (2d Cir. 2012) (reducing fee request because administrative tasks "are capable of being performed by non-attorney staff who would have charged a substantially lower fee.").

"In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming fat from a fee application.'" *Heng Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting *In re Agent Orange Prod.*

7

*Liability Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)). Accordingly, the Court reduces all time charged by Mr. McCreanor, Ms. Hussain, Mr. Marsella, and Mr. Wolkin by fifteen percent for the reasons discussed above. The Court does not reduce the time billed by Ms. Batista, Ms. Saguilan, and Ms. Rosado-Oilveras. After incorporating the reductions of hourly rates and hours worked, Plaintiffs are entitled to a lodestar amount of $208,159.50 in attorneys' fees, as set forth in the following table:

| Timekeeper | Rate | Hours | Fee |
|---|---|---|---|
| Robert McCreanor | $350/hour | 304.94 | $106,729.00 |
| Maureen Hussain | $225/hour | 315.75 | $71,043.75 |
| John Marsella | $225/hour | 71.68 | $16,128.00 |
| Ken Wolkin | $125/hour | 85.30 | $10,662.50 |
| Nathalia Rosado Oliveras | $125/hour | 20.47 | $2,558.75 |
| Amanda Batista | $50/hour | 16.00 | $800.00 |
| Diana Saguilan | $50/hour | 4.75 | $237.50 |
| TOTAL | | | $208,159.50 |

**C. Costs**

Plaintiffs request costs in the amount of $8,676.41 for court filing fees, transcript requests, process server fees, and delivery charges. (Docket No. 119-9). Plaintiffs "[are] entitled to 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Polit v. Glob. Foods Int'l Corp.*, No. 14-CV-07360 (SN), 2017 WL 1373907, at *9 (S.D.N.Y. Apr. 13, 2017) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.

8

1998)).  Upon review, the costs sought by Plaintiffs are reasonable.  Therefore, Plaintiffs are entitled to $8,676.41, the full amount of costs incurred in the instant matter.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for attorneys' fees and costs is granted in part and denied in part.  The Court awards Plaintiffs $208,159.50 in attorneys' fees and $8,676.41 in costs.

Dated:   September 27, 2019
         White Plains, New York

                                       **SO ORDERED:**

                                       *[signature: Judith C. McCarthy]*
                                       JUDITH C. McCARTHY
                                       United States Magistrate Judge